UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY RANDOLPH SMITH, and
MARQUITA C. GILBERT,

        Plaintiffs,

v.                                  Case No. 8:14-cv-3031-T-23MAP

GULF COAST COMMUNITY CARE,
and BARTOW POLICE DEPARTMENT,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff, Roy R. Smith's, second affidavit of insolvency, which the Court construes as his amended motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (doc. 8).  On December 10, 2014, this Court denied without prejudice Mr. Smith's original motion for leave to proceed *in forma pauperis* and gave Plaintiffs 14 days to file an amended complaint because Plaintiffs' complaint failed to set forth an identifiable cause of action.  On January 5, 2015, Plaintiffs filed an amended complaint (doc. 7).  Plaintiffs' amended complaint, however, is as deficient as their initial one.  Accordingly, for the reasons that follow, I recommend the district court judge dismiss Plaintiffs' amended complaint.

The Court, upon a finding of indigency, may authorize an action to commence without prepayment of costs, fees, and security.  28 U.S.C. § 1915(a)(1).  Nonetheless, when a plaintiff files an application to proceed *in forma pauperis*, the Court is obligated to review the claims set forth in his or her complaint and to dismiss it if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, and/or seeks monetary relief against a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2).  For applicants proceeding *pro se*, the

Court must review the complaint liberally. *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). Liberal construction, however, cannot serve as a substitute to establish a cause of action. *See GJR Invs., Inc. v. Co. of Escambia, Fl.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiffs' amended complaint asserts the same claims against the same Defendants as their previous complaint, the Bartow County Police Department ("BPD") and Gulf Coast Community Care, Inc. ("Gulf Coast"), a service provider for the Florida Department of Children and Families. They claim Defendants committed various civil rights violations under 42 U.S.C. § 1983 including offenses under the 1st, 4th, 5th, 6th, and 8th Amendments of the Constitution, the Health Insurance Portability and Accountability Act (HIPPA), and have also committed slander.

Under Title 42 U.S.C. § 1983, a court may impose liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To establish a claim under § 1983, a plaintiff must prove that (1) defendant deprived him of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. *Arrington v. Cobb Co.*, 139 F.3d 865, 872 (11th Cir. 1998). Additionally, a plaintiff must allege and establish an affirmative casual connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Co., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Plaintiffs' amended complaint fails to identify any factual support for their claims that the above Defendants violated § 1983 and it is unclear which claims are being asserted against each Defendant. Rather, Plaintiffs assert generally claims of constitutional violations and deprivation of their civil rights. Regardless, as the Court has already informed Plaintiffs in its last order, BPD and Gulf Coast are not legal entities that are subject to suit under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that in general, sheriffs departments and police departments

are not subject to suit); *Himes v. Dept' of Children and Family* Services, No. 8:10-cv-0411-T-30AEP, 2010 WL 3190666, at *2 (M.D. Fla. July 21, 2010), *adopted by, Himes v. Dept' of Children and Family* Services, No. 8:10-cv-0411-T-30AEP, 2010 WL 3190657, at *1 (M.D. Fla. Aug. 10, 2010) (recommending that any § 1983 claims against the Department of Children and Family Services and the Hillsborough County Sheriff's Office be dismissed because they were not legal entities subject to suit under § 1983); *Wagner v. Florida Dept' of Children and Families*, No. 8:09-cv-1427-T-30TGW, 2009 WL 2355773, at *2 (M.D. Fla. July 29, 2009) (finding the Department of Children and Families is not a "person" subject to suit under 42 U.S.C. § 1983).

Furthermore, Plaintiffs' complaint, again, fails to comply with the Federal Rules of Civil Procedure.  Rule 8(a) provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a) (2007).  Plaintiffs' complaint is in letter format and does state a claim as to why the Plaintiffs are entitled relief.  *See Douse v. Butterworth*, No. 2:08-cv-29-FTM-29SPC, 2009 WL 2496459, at *2 (M.D. Fla. 2009) ("While a plaintiff is not required to provide [] "detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations omitted).  Thus, for the reasons outlined above, Plaintiffs' complaint contains several legal defects which prohibit Plaintiffs' claims from going forward in this Court.  Accordingly, it is hereby

RECOMMENDED:

1.  Plaintiff, Roy R. Smith's, second affidavit of insolvency, which the Court construes as

3

his amended motion for leave to proceed *in forma pauperis* (doc. 8) be denied.

    2.  Plaintiffs' amended complaint (doc. 7) be dismissed.

    IT IS SO REPORTED at Tampa, Florida on January 12, 2015.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

4